IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT D. SPRUILL, )
)
        Plaintiff, )
)
v. )
)
DUKE POWER CO., )
)
        Defendant. )

1:06CV00116

FILED FEB - 3 2006

### ORDER AND RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

This matter comes before the Court on plaintiff's request to proceed in forma pauperis. The complaint is defective for numerous reasons. He has filed a complaint stating in the caption of the case that the defendant is Duke Power Company. However, when asked to name the defendant in Part II.B. of the complaint he inconsistently lists a person. Plaintiff appears to be dissatisfied with his electric charges, but the complaint violates Fed. R. Civ. P. 8.

Pursuant to Fed. R. Civ. P. 8, plaintiff must state the basis for this Court's jurisdiction. Plaintiff fails to do so and instead, only makes a conclusory statement that it is based on federal question jurisdiction. However, nothing in the paperwriting remotely suggests any basis for federal jurisdiction pursuant to 28 U.S.C. § 1331. For this reason, the Court finds the complaint itself is deficient and must be stricken.

Second, the complaint should be a short and plain statement of the facts giving rise to the complaint which shows that plaintiff is entitled to relief, and a statement of the relief which he

seeks. Instead, plaintiff's complaint is prolix, verbose, and majorly not understandable. It rambles for thirteen or fourteen pages with attachments, none of which informs the Court of the legal basis for the complaint. With respect to the factual basis, the verbosity and heaping of irrelevant details hides, rather than discloses, any basis for a complaint. Brown v. Califano, 75 F.R.D. 497 (D.D.C. 1977). This type of complaint conceals, rather than reveals, the facts necessary to understand it and which would enable a defendant to respond to it. Id.; In re Buffets, Inc. Securities Litigation, 906 F. Supp. 1293 (D. Minn. 1995).

The proper disposition of a complaint which is verbose, redundant, confusing, ambiguous, unintelligible, prolix, argumentative, etc., is to strike or dismiss it. Brown, 75 F.R.D. 497. When these deficiencies arise in a complaint where plaintiff does not pay the filing fees, but seeks to proceed as a pauper, the usual outcome will be to deny pauper's status and dismiss the complaint.

The Court starts with the proposition that when a plaintiff seeks to proceed in forma pauperis, the Court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915(e). For frivolous or malicious review, the Court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v.

Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The Court may consider the de minimis value of the relief sought as a factor which bears on the issue of frivolity. Nagy v. FMC Butner, 376 F.3d 252 (4th Cir. 2004).

A plaintiff fails to state a claim when it appears certain that plaintiff cannot prove any set of facts which would entitle him or her to relief. The Court must accept all well-pled allegations and review the complaint in a light most favorable to plaintiff. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); cert. denied, 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994). However, facts must be alleged with specificity. White v. White, 886 F.2d 721 (4th Cir. 1989).

When a plaintiff, such as here, fails to disclose any basis for federal court jurisdiction, he fails to satisfy 28 U.S.C. § 1915(e). The same result obtains when the complaint violates Rule 8 to the extent found here, such that any cause of action is speculative, absent or effectively hidden. Only if the complaint on its face readily shows, without guessing, some non-frivolous federal claim, should the Court allow amendment or dismiss it without prejudice to filing a new and proper complaint. Whitney v. Police Department, No. 98-CV-6178CJS, 1998 WL 317565 (W.D.N.Y. May 19, 1998). Here, the complaint is hopelessly confused and prolix and no non-frivolous apparent federal claim readily appears on the face of the paperwriting. Therefore, plaintiff's request to proceed as a pauper should be denied and this action dismissed.

-3-

**IT IS THEREFORE ORDERED** that this case be filed solely for the purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that plaintiff's request to proceed as a pauper be denied and that this action be dismissed pursuant to 28 U.S.C. § 1915(e) for being frivolous and/or for failing to state a claim upon which relief may be granted.

*/s/ Russell A. Eliason*
United States Magistrate Judge

~~January~~ February 3, 2006